UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES ANTHONY WILLIAMS,<br><br>                Plaintiff,<br><br>    v.<br><br>JACKENHEIMER,<br><br>                Defendant. | CASE NO. 2:23-cv-00240-JHC-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff James Anthony Williams, a Washington State prisoner confined at the Monroe Correctional Complex (MCC), submitted a 42 U.S.C. § 1983 complaint, seeks to proceed *in forma pauperis* (IFP). Dkt. 6. Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g) – the "Three-Strikes" rule. The Court has reviewed Plaintiff's complaint and recommends for the reasons below that leave to proceed IFP be denied.

## DISCUSSION

The complaint before the Court is one of the many complaints Plaintiff has filed alleging his Eighth Amendment rights have been violated in regard to medical care and solitary confinement. In the present complaint, Plaintiff alleges defendants, who are various Washington Department of Corrections and MCC officials, are violating his 8th Amendment rights by not providing him Ritalin for his "ADHD" and keeping him in solitary confinement which makes his

REPORT AND RECOMMENDATION - 1

mental health problems worse. The present complaint overlaps with the pending action Plaintiff filed in 3:19-cv-05045-DGE-TLF, which also alleges prison official defendants are violating his Eighth Amendment rights by holding Plaintiff in solitary confinement which is worsening a long list of mental health problems, including ADHD.

The Court should dismiss the present action if Plaintiff fails to pay the filing fee for two reasons. First Plaintiff has brought more than three civil actions which were dismissed as frivolous or for failure to state a claim. He therefore cannot bring any other civil action *in forma pauperis* "unless he is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court's records show more than three of the cases Plaintiff has filed while incarcerated were dismissed as frivolous or for failure to state a claim:

- *Williams v. Portine*, Case No. C11-1214-JCC (W.D. Wash.).
- *Williams v. Neely*, Case. No. C15-489-BJR (W.D. Wash.).
- *Williams v. Collins*, Case No. C15-735-MJP (W.D. Wash.).
- *Williams v. Warner*, Case No. C17-5614-BHS (W.D. Wash.).
- *Williams v. Gage*, Case No. C17-6076-RBL (W.D. Wash.).

This court and the Eastern District of Washington have also previously determined the following cases are strikes for purposes of § 1915(g) and denied plaintiff IFP status as a three-strikes litigant:

- *Williams v. Sinclair*, Case No. C19-5185-RBL (W.D. Wash).
- *Williams v. Sinclair*, Case No. C19-345-JCC (W.D. Wash.).
- *Williams v. Holbrook*, Case No. C16-5068-SAB (E.D. Wash).

Because plaintiff has more than three strikes, he cannot proceed with this action unless he pays the full filing fee absent a showing he is "under imminent danger of serious physical injury"

REPORT AND RECOMMENDATION - 2

1  at the time he signed his civil rights complaint. *See* 28 U.S.C. § 1915(g). The imminent danger

2  exception requires a prisoner to allege a danger which is "ready to take place or 'hanging

3  threateningly over one's head.'" *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007).

4       The Court should also deny IFP status because Plaintiff has regularly challenged the

5  medications he receives for his mental health conditions and solitary confinement. For instance,

6  in *Williams v. Sinclair*, 19-5185-RBL Plaintiff challenged the prison's administration of an anti-

7  psychotic medication claiming the medication was life-threatening. The Court denied permission

8  to proceed IFP and dismissed the case.

9       In Plaintiff's pending civil rights lawsuit, *Williams v. Sinclair*, 3:19-cv-05045-DGE-TLF,

10  Plaintiff alleges the Defendant prison officials are violating his Eighth Amendment rights as to

11  medical care and solitary confinement. In his motion to file a second amended complaint,

12  Plaintiff alleges he cannot comply with the requirement to clean his cell due to his severe mental

13  illess "especially ADHD." Dkt.87 at 8.

14       Plaintiff here similarly alleges he is "desperate" gets "extremely agitated" and "cuts"

15  himself without Ritalin and when placed in isolation. However, Plaintiff has a long history of

16  self-harm and allegations regarding his medications and conditions of confinement. *See e.g.,* 18-

17  183-RSL, *Williams v. Gage* (alleging prison defendants strapped Plaintiff down regarding self-

18  harm and forced anti-psychotic medications). Plaintiff's current allegations are no different the

19  allegations he has been making for many years now. He thus has not made a credible showing

20  that his claims satisfy the imminent danger exception.

21       Additionally, Plaintiff already has a pending complaint filed in 2019 in which he also

22  alleges his Eighth Amendment rights are being violated by the medical care he receives and his

23

REPORT AND RECOMMENDATION - 3

placement in solitary confinement. Any imminent danger claim can thus be addressed in this pending civil action.

In sum, the Court recommends Plaintiff's IFP application be denied under 28 U.S.C.§ 1915(g), and that Plaintiff be ordered to pay the filing fee of $400.00 ($350.00 filing fee plus $50.00 administrative fee) or face dismissal. The Court further recommends Plaintiff be directed to pay the filing fee within 30 days of the date this Report and Recommendation is adopted, and that this action be terminated if plaintiff fails to do so. A proposed order accompanies this Report and Recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Plaintiff may, however, file objections to this Report and Recommendation. Any objections to this Report and Recommendation must be filed no later than **April 6, 2023**. The Clerk shall note the matter as ready for the District Judge's consideration on **April 7, 2023**. The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this Report and Recommendation to Plaintiff.

DATED this 23rd day of March, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4